IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG

**VICTOR NUTTER,**

    **Petitioner,**

v.                                **Case No. 6:08-cv-00967**

**EVELYN SEIFERT, Warden,**
**Northern Correctional Facility, and**
**WEST VIRGINIA SUPREME COURT OF APPEALS,**

    **Respondents.**

## PROPOSED FINDINGS AND RECOMMENDATION

This Petitioner, Victor Nutter, has filed a "writ of appeal" (docket # 2) in this court, in which he attempts to appeal from the summary dismissal by the Supreme Court of Appeals of West Virginia of his petition for a writ of mandamus. This court does not sit as an appellate court, reviewing rulings of the Supreme Court of Appeals of West Virginia. The "writ of appeal" seeks relief in the form of dismissal of the charges on which Petitioner was convicted (id., at 18); thus the "writ of appeal" has been docketed as a petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254.

Petitioner has previously filed a petition for a writ of habeas corpus, Nutter v. Seifert, No. 6:07-cv-00140, which was denied by Orders entered March 28, 2008.

Title 28, United States Code, Section 2244(b)(3)(A) provides that "[b]efore a second or successive [habeas corpus application

under section 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Petitioner has failed to obtain authorization from the United States Court of Appeals for the Fourth Circuit to file a second habeas corpus petition in this court.  Moreover, it appears that Petitioner has not shown that his claims are not subject to dismissal under 28 U.S.C. § 2244(b).  Accordingly, Petitioner's "writ for appeal" must be dismissed.

It is respectfully **RECOMMENDED** that Petitioner's Application to Proceed without Prepayment of Fees and Costs (# 1) be denied, and that this action be dismissed without prejudice.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for

good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing party, Chief Judge Goodwin, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner and counsel of record.

    August 13, 2008
          Date

Mary E. Stanley
United States Magistrate Judge